**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 13-10281 |
| Plaintiff - Appellee, | D.C. No. 2:09-cr-00494-KJD-VCF-1 |
| v. | |
| TARL BRANDON, | MEMORANDUM[*] |
| Defendant - Appellant. | |

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 13-10282 |
| Plaintiff - Appellee, | D.C. No. 2:10-cr-00209-KJD-VCF-1 |
| v. | |
| TARL BRANDON, | |
| Defendant - Appellant. | |

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 13-10283 |
| Plaintiff - Appellee, | D.C. No. 2:10-cr-00407-KJD-GWF-1 |
| v. | |

_____

     [*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

TARL BRANDON,

Defendant - Appellant.

Appeal from the United States District Court
for the District of Nevada
Kent J. Dawson, District Judge, Presiding

Argued and Submitted November 19, 2014
San Francisco, California

Before: NOONAN, FERNANDEZ, and IKUTA, Circuit Judges.

Tarl Brandon appeals his convictions for Mail Fraud, Wire Fraud, Bank Fraud, and Conspiracy; Brandon also appeals his 168 month sentence, and the district court's forfeiture and restitution orders. We have jurisdiction under 28 U.S.C. § 1291. We affirm the conviction, sentence, and forfeiture order, and reverse and remand the restitution order.

The district court's inadvertent provision to the jury of transcripts of recorded conversations not admitted into evidence was an error in the trial process, not an error in the trial framework resulting in structural error. *See Neder v. United States*, 527 U.S. 1, 8 (1999). The district court did not err by declining to conduct an evidentiary hearing and denying Brandon's motion for a new trial based on this error. The evidence admitted at trial was overwhelming, including recorded conversations of Brandon describing the loan fraud schemes, and the extrinsic

2

transcripts were either largely unintelligible or largely exculpatory. The extrinsic transcripts were thus unimportant in relation to the other material considered by the jury, and the error was harmless beyond a reasonable doubt. *See United States v. Khan*, 993 F.2d 1368, 1376 (9th Cir. 1993).

The district court did not err by admitting testimony that Brandon had previously been investigated by the FBI for mortgage fraud. The testimony was admissible to show Brandon's motive for keeping his name off the fraudulent loan documents. *See* Fed. R. Evid. 404(b)(2). Even if the testimony was admitted in error, the error was harmless. The other evidence presented at trial was overwhelming, the testimony about the prior investigation was isolated and brief, and the district court appropriately instructed the jury on the use of that testimony. Thus, "it is more probable than not that the error did not materially affect the verdict." *See United States v. Bailey*, 696 F.3d 794, 803 (9th Cir. 2012).

We review a sentence for procedural error and substantive reasonableness, applying an abuse-of-discretion standard. *Gall v. United States*, 552 U.S. 38, 51 (2007). A sentencing court's findings of fact are reviewed for clear error. *Id.* The district court did not err in accepting the sales value of the houses reported in the tax assessor records to establish the amount recovered by the lenders. *See* U.S.S.G. § 2B1.1 cmt. 3(E)(ii); *United States v. Morris*, 744 F.3d 1373, 1375 (9th Cir.

3

2014). The district court's finding of a loss amount between $2.5 million and $7 million was a reasonable estimate given the available information. *See United States v. Garro*, 517 F.3d 1163, 1167 (9th Cir. 2008). Thus, applying an 18-level sentence enhancement under U.S.S.G. § 2B1.1(b)(1) for a loss between $2.5 million and $7 million was not an abuse of discretion.

The district court's finding, based in part on related transactions not charged in the indictments, that Brandon derived more than $1 million from financial institutions and had ten or more victims, was not clearly erroneous. Acts that were part of the same "common scheme or plan as the offense of the conviction," § 1B1.3(a)(2), including "charged, uncharged, and acquitted conduct," may be considered, *United States v. Peyton*, 353 F.3d 1080, 1089 (9th Cir. 2003), *overruled on other grounds by United States v. Contreras*, 593 F.3d 1135 (9th Cir. 2010) (en banc) (per curiam). The evidence supports the district court's holding that the uncharged transactions it relied on were part of the same common scheme as the offense of the conviction. Thus, imposing 2-level sentence enhancements for deriving more than $1 million from financial institutions under § 2.B1.1(b)(16)(A) and for ten or more victims under § 2.B1.1(b)(2)(A)(i) was not an abuse of discretion. Brandon's argument that *United States v. Brown*, No. 12-10227, 2014 WL 5786702, at *10 (9th Cir. Nov. 7, 2014), changes this result, because *Brown*

4

held that a court may consider only those victims whose losses were included in the § 2B1.1(b)(1) loss calculation in the number of victims calculation, was waived. This rule was established in *United States v. Armstead*, 552 F.3d 769, 780-81 (9th Cir. 2008) (citing § 2B1.1, cmt. 1). Because the rule was already established and Brandon did not argue the issue in the district court or in his briefs on appeal, the argument was waived. *Smith v. Marsh*, 194 F.3d 1045, 1052 (9th Cir. 1999); *Pierce v. Multnomah Cnty.*, 76 F.3d 1032, 1037 n.3 (9th Cir. 1996).

The court's finding that creating false identities, engineering simultaneous loan closings, and funneling proceeds through a shell company constituted sophisticated means was not clearly erroneous. *See United States v. Jennings*, 711 F.3d 1144, 1145 (9th Cir. 2013). The district court thus did not abuse its discretion by imposing a 2-level sentence enhancement for the use of sophisticated means under § 2B1.1(b)(10)(C). The court's finding that Brandon's exercise of decision-making authority, recruitment of straw buyers, and claim of the lion's share of the proceeds indicated he was an organizer or leader was not clearly erroneous. The district court did not clearly err in finding that the scheme included five or more criminally culpable participants where several straw buyers allowed their identities to be used in the fraud. Thus, the district court did not abuse its discretion by imposing a 4-level enhancement under § 3B1.1(a).

The district court did not abuse its discretion by imposing a 168 month sentence. The court correctly calculated the sentence range under the Sentencing Guidelines, and imposed a sentence at the low end of the range based on consideration of the factors required by 18 U.S.C. § 3553(a). Further, the court did not abuse its discretion by sentencing Brandon to 168 months while two of his co-conspirators received sentences of time served and one year. Neither of the co-conspirators participated in all three conspiracies for which Brandon was convicted, neither reaped the same level of profits as Brandon, and only Brandon did not accept responsibility for his criminal acts. Because Brandon was not similarly situated to his co-conspirators, imposing a 168 month sentence was not an abuse of discretion. *See United States v. Carter*, 560 F.3d 1107, 1121 (9th Cir. 2009).

We affirm the district court's forfeiture order. This district court correctly used the total amount of the loans fraudulently obtained by the conspiracy, including loans obtained through charged and uncharged-but-related conduct, in its calculation. *See United States v. Newman*, 659 F.3d 1235, 1244 (9th Cir. 2011). Brandon was provided notice as required under Federal Rule of Criminal Procedure 32.2(a), and there was no fatal variance between the amount stated in the indictments and the final amount ordered by the district court.

We reverse the district court's restitution order, and remand for recalculation. A court must order restitution to the victims of any wire or mail fraud offense, 18 U.S.C. § 3663A(a)(1), unless determining complex issues related to the losses would burden the sentencing process, *id.* § 3663A(c)(3)(B). The government stated it could only determine the losses sustained on the three loans that remained with the original lenders, and requested a restitution order in that amount. We reverse and remand for recalculation of restitution to the lenders still holding the three original loans, unless the losses sustained by the other original lenders can be ascertained without undue burden.

**AFFIRMED IN PART, REVERSED AND REMANDED IN PART.**