**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

MAR 25 2015

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 12-30343 |
| Plaintiff - Appellee, | D.C. No. 1:10-cr-00017-EJL-1 |
| v. | |
| TRAVIS RICHARD HYMAS, | MEMORANDUM[*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the District of Idaho
Edward J. Lodge, District Judge, Presiding

Argued and Submitted March 3, 2015
Portland, Oregon

Before: FISHER, PAEZ, and IKUTA, Circuit Judges.

Travis Hymas challenges his conviction and sentence for five counts of wire fraud under 18 U.S.C. § 1343, as well as the district court's restitution order. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

Viewing the evidence in the light most favorable to the prosecution, a jury could reasonably conclude that the prosecution proved each element of the wire fraud counts beyond a reasonable doubt. *See Jackson v. Virginia*, 443 U.S. 307, 319 (1979). A reasonable trier of fact could conclude that the prosecution proved a scheme to defraud and the intent to defraud lenders based on evidence that Hymas misrepresented his and his wife's income, assets, education, and employment on loan applications. *See* 18 U.S.C. § 1343[1]; *United States v. Pelisamen*, 641 F.3d 399, 409 (9th Cir. 2011). A reasonable jury could conclude that these misrepresentations were material based on testimony from loan underwriters that they relied on such information to make lending decisions. *See Neder v. United States*, 527 U.S. 1, 16, 20, 25 (1999); *United States v. Green*, 592 F.3d 1057, 1064 (9th Cir. 2010). Hymas's argument that the original lenders did not suffer harm because they sold the loans fails because "[t]he intent to induce one's victim to give up his or her property on the basis of an intentional misrepresentation causes

_____

[1] Section 1343 provides, in pertinent part:

Whoever, having devised or intending to devise any scheme or artifice to defraud, or for obtaining money or property by means of false or fraudulent pretenses, representations, or promises, transmits or causes to be transmitted by means of wire, radio, or television communication in interstate or foreign commerce, any writings, signs, signals, pictures, or sounds for the purpose of executing such scheme or artifice, shall be fined under this title or imprisoned not more than 20 years, or both.

-2-

'harm' by depriving the victim of the opportunity to weigh the true benefits and risks of the transaction, regardless of whether or not the victim will suffer the permanent loss of money or property." *United States v. Treadwell*, 593 F.3d 990, 997 (9th Cir. 2010).

The district court did not abuse its discretion by denying Hymas's motion to exclude his tax returns under Federal Rule of Evidence 403. *See United States v. Hinkson*, 585 F.3d 1247, 1251 (9th Cir. 2009) (en banc). The tax returns were probative of whether Hymas misrepresented his income on the relevant loan applications, and the district court could reasonably conclude that any unfair prejudice caused by jury confusion could be mitigated through cross examination and closing argument, and therefore would not substantially outweigh the documents' probative value.

Nor did the district court plainly err in allowing the prosecutor to argue that inferences from the evidence adduced at trial proved the existence of a scheme and an intent to defraud. The prosecutor did not make any false statements, *cf. United States v. Kojayan*, 8 F.3d 1315, 1318–19, 1323 (9th Cir. 1993), and based his arguments on "the evidence presented and . . . reasonable inferences therefrom," *United States v. Baker*, 10 F.3d 1374, 1415 (9th Cir. 1993), *overruled on other*

*grounds by United States v. Nordby*, 225 F.3d 1053 (9th Cir. 2000) (internal quotation marks omitted).

The district court did not err in calculating the amount of the actual loss caused by Hymas's fraud. The court properly applied the "preponderance of the evidence" standard of proof, because the loss was caused by "charged conduct for which the defendant has been convicted." *See United States v. Garro*, 517 F.3d 1163, 1169 (9th Cir. 2008). It was reasonably foreseeable to Hymas "that the entire amount of a fraudulently obtained loan may be lost" in light of the information provided to Hymas about the possibility that each loan would be transferred to a successor lender. *See United States v. Morris*, 744 F.3d 1373, 1375 (9th Cir. 2014). Nor did the court err in calculating the credit against loss, because at this stage of the analysis, a court does not take into account the market's effect on reducing the value of the collateral. *Id.* In resolving the parties' dispute regarding the amount of the loss, the district court did not err in finding that the evidence adduced at sentencing, including the testimony and affidavits of loan servicer employees who relied on business records, had "sufficient indicia of reliability" for purposes of United States Sentencing Guidelines § 6A1.3.

The district court correctly calculated the amount of restitution by subtracting the amount the successor lenders recovered from the amount they paid

to purchase the loans. *See United States v. Yeung*, 672 F.3d 594, 603 (9th Cir. 2012), *abrogated on other grounds by Robers v. United States*, 134 S. Ct. 1854 (2014). The evidence supports the district court's conclusion that Morgan Stanley did not sell the loan to the Morgan Stanley Trust, but placed the loan in trust. The district court did not err in rejecting Hymas's argument that Freddie Mac recovered the amount of its loss from investors in mortgage-backed securities, because this argument was unsupported by the record. As in *Yeung*, the loan purchasers here were victims "directly and proximately harmed as a result of" Hymas's fraud, *see* 18 U.S.C. § 3663(a)(2), because each loan purchaser "purchased the loan without an awareness of its true value due to [Hymas's] fraud," *see Yeung*, 672 F.3d at 601, 603. The loan purchaser's delay in foreclosing does not affect this conclusion. *See Robers*, 134 S. Ct. at 1859. The district court did not err in ordering that the restitution be paid to the loan servicers, because they were the collection agents for the victims.

For these reasons, we affirm the conviction, sentence, and restitution order.

**AFFIRMED**.