**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

JUL 17 2017

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 16-10157 |
| Plaintiff-Appellee, | D.C. No. 2:12-cr-00328-WBS-4 |
| v. | |
| ROBIN DIMICELI, | MEMORANDUM* |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the Eastern District of California
William B. Shubb, District Judge, Presiding

Argued and Submitted July 11, 2017
San Francisco, California

Before: GRABER and FRIEDLAND, Circuit Judges, and MARSHALL,** District
Judge.

Defendant Robin Dimiceli appeals her convictions for mail fraud, in

violation of 18 U.S.C. § 1341, and for making a false statement on loan and credit

applications, in violation of 18 U.S.C. § 1014, arising out of a scheme of fraudulent

purchases of real estate. She also appeals her sentence. We affirm.

---

* This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

** The Honorable Consuelo B. Marshall, United States District Judge for the
Central District of California, sitting by designation.

1. Sufficient evidence supports the mail-fraud convictions, including the use of the mails in furtherance of the scheme to defraud. Employees of the relevant county recorder's offices testified that, after recording deeds of trusts, deeds routinely are mailed to banks. "Direct proof of mailing is not required. Evidence of routine custom and practice can be sufficient to support the inference that something is mailed." United States v. Green, 745 F.2d 1205, 1208 (9th Cir. 1984), as amended (9th Cir. 1985) (citation omitted). Although the employees testified that rare exceptions existed, "the jurors were entitled to conclude, beyond a reasonable doubt, that the [recording system] into which the particular document was introduced terminated as it ordinarily does with an actual mailing." United States v. Lo, 231 F.3d 471, 476 (9th Cir. 2000). A reasonable juror could also infer that, by using the mails, Defendant and her co-schemers gave lenders the appearance of regularity, in furtherance of the scheme. See id. at 479.

2. The district court did not plainly err in calculating loss under U.S.S.G. § 2B1.1. The court followed the procedure that we have approved expressly. United States v. Hymas, 780 F.3d 1285, 1293 (9th Cir. 2015); United States v.

2

Morris, 744 F.3d 1373, 1375 (9th Cir. 2014).[1] The presentence report supported the court's calculation. Because Defendant declined the court's invitation for an evidentiary hearing on the loss amount, the presentence report constituted evidence. United States v. Romero-Rendon, 220 F.3d 1159, 1163 n.4 (9th Cir. 2000).

3. Defendant's sentence did not violate equal protection principles. Although the district court made some comments at sentencing about a co-defendant's ability to pay a fine, it appears that those statements, in context, are best understood as directed at various arguments by counsel rather than as explanations for the sentences the district court imposed. Moreover, the court identified material reasons for the differences between Defendant's sentence and a co-defendant's sentence.

4. On direct appeal, we decline to review Defendant's ineffective assistance of counsel claim. United States v. Rahman, 642 F.3d 1257, 1259–60 (9th Cir. 2011).

**AFFIRMED.**

---

[1] Defendant relies on United States v. Berger, 587 F.3d 1038 (9th Cir. 2009), to argue that the sentencing enhancement was inappropriate because there was no actual loss in this case. Even assuming that Berger applies in the mortgage fraud context, however, Defendant waived any argument that actual loss was lacking when she expressly declined the opportunity for a hearing on the subject of actual loss.