**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 17-10139 |
| Plaintiff-Appellee, | D.C. No. 2:12-cr-00330-WBS-1 |
| v. | |
| DIANNA WOODS, | MEMORANDUM[*] |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the Eastern District of California
William B. Shubb, District Judge, Presiding

Submitted January 9, 2018[**]
San Francisco, California

Before: WALLACE, RAWLINSON, and WATFORD, Circuit Judges.

**1.** The district court did not abuse its discretion by denying Dianna Woods'

timely motion for a new attorney. *See United States v. Velazquez*, 855 F.3d 1021,

1033–34 (9th Cir. 2017). First, the district court adequately inquired into the

---

[*]      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]      The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

conflict by holding a hearing at which it asked Woods to provide examples of the conflict and allowed the lawyer to respond.[1]  *See id.* at 1035.  It asked "targeted" questions that allowed it to reach an informed decision, even without reading Woods' written statement.  *See United States v. Mendez-Sanchez*, 563 F.3d 935, 942–43 (9th Cir. 2009).  It did not overemphasize the cost of replacing the lawyer: It solicited and evaluated Woods' concerns before mentioning the cost.  *Cf. United States v. Rivera-Corona*, 618 F.3d 976, 981 (9th Cir. 2010).

Second, the conflict was not "so great as to result in a complete breakdown in communication."  *United States v. Lindsey*, 634 F.3d 541, 554 (9th Cir. 2011). Woods admitted that her lawyer was "not bad" and had her best interests in mind. Still, she believed that he lacked the necessary real estate knowledge, failed to question a witness adequately, and had only "one-sided" conversations with her. None of these concerns establishes that the lawyer and Woods had stopped communicating or that Woods had "completely lost trust in" the lawyer.  *See Velazquez*, 855 F.3d at 1033–34, 1036; *see also Lindsey*, 634 F.3d at 554.  Rather, the concerns suggest that Woods and her lawyer communicated regularly and

---

[1]  To the extent that this disposition references information that has been filed under seal, we hereby unseal that information for purposes of this disposition.

civilly, just not in the manner Woods would have preferred. *See Mendez-Sanchez*, 563 F.3d at 943–44.

**2.** Woods failed to preserve her challenge to the admissibility of William Black's testimony. The motion in limine proffering Black's testimony at the first trial preserved the challenge only if the motion was "thoroughly explored during [a] hearing" and the court's ruling on it "was explicit and definitive." *See United States v. Lui*, 941 F.2d 844, 846 (9th Cir. 1991); *see also United States v. Whittemore*, 776 F.3d 1074, 1082 (9th Cir. 2015). But the district court's comment—during the in camera hearing on Woods' motion to substitute counsel—that Black's testimony would be "inadmissible to prove materiality" at the second trial was not an explicit or definitive ruling on the motion. Additionally, even if the comment could be construed as a tentative ruling on the motion, Woods did not preserve the challenge because she never tried to offer Black's testimony at the second trial. *See Whittemore*, 776 F.3d at 1082.

**3.** The district court did not plainly err in calculating the loss amount. *See United States v. Armstead*, 552 F.3d 769, 778–79 (9th Cir. 2008). First, the actual loss depends on what she, "under the circumstances, reasonably should have known" the loss could be. *United States v. Morris*, 744 F.3d 1373, 1374 (9th Cir. 2014); *see* U.S.S.G. § 2B1.1 cmt. 3(A)(iv). It was reasonable to find that the actual

loss was the entire value of the principal of the loan, as it "almost always" is with fraudulently obtained loans. *See Morris*, 744 F.3d at 1375. Second, the district court was not clearly obligated to inquire into the mortgage payments Woods made. Interest payments are not credited against the total loan amount when the loan amount does not include accrued interest. *See United States v. Allen*, 88 F.3d 765, 770–71 (9th Cir. 1996). Thus, without evidence of the type of payments Woods made, the district court did not plainly err by failing to inquire into the payments in order to potentially credit them against the total loan amount.

**4.** The district court did not abuse its discretion by imposing a 36-month sentence. *See Gall v. United States*, 552 U.S. 38, 41 (2007). To avoid an unwarranted sentence disparity, the district court compared Woods' conduct to that of Robin Dimiceli, who was involved in the same scheme. *See* 18 U.S.C. § 3553(a)(6). There is nothing unreasonable about the district court's conclusion that their culpability was similar, that Woods' false testimony merited an enhancement similar to the one Dimiceli received for abusing her position of trust, and that their sentences should be the same.

**AFFIRMED.**