**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT



| | |
|---|---|
| UNITED STATES OF AMERICA, | Nos. 13-10419 |
| | 17-10056 |
| Plaintiff-Appellee, | 17-10199 |
| v. | D.C. No. |
| | 2:10-cr-00399-MMD-GWF-1 |
| PAUL WAGNER, | |
| Defendant-Appellant. | MEMORANDUM[*] |

Appeal from the United States District Court
for the District of Nevada
Miranda M. Du, District Judge, Presiding

Argued and Submitted August 16, 2018
San Francisco, California

Before: SCHROEDER, SILER,[**] and GRABER, Circuit Judges.

Paul Wagner appeals his conviction after a jury trial and his sentence for

eight counts of bank fraud, three counts of wire fraud, and one count of conspiracy

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]    The Honorable Eugene E. Siler, United States Circuit Judge for the U.S. Court of Appeals for the Sixth Circuit, sitting by designation.

to commit bank fraud and wire fraud. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

The district court properly admitted the testimony of Alicia Hanna as lay opinion testimony under Federal Rule of Evidence 701. Hanna's testimony was not expert testimony because she expressed an opinion based on her personal observations of the lending practices of AmTrust Bank. *See United States v. Barragan*, 871 F.3d 689, 704 (9th Cir. 2017) (explaining difference between expert and lay testimony), *cert. denied*, 138 S. Ct. 1565 & 1572 (2018). The district court did not abuse its discretion in allowing the government to present Hanna's testimony to establish the materiality of Wagner's fraudulent representations. *See United States v. Wells*, 879 F.3d 900, 914 (9th Cir. 2018) (stating standard of review); *United States v. Lindsey*, 850 F.3d 1009, 1011 (9th Cir. 2017) (addressing elements of mortgage fraud).

At sentencing, the district court did not err in calculating the amount of loss and increasing Wagner's base offense level under U.S.S.G. § 2B1.1(b)(1)(K) (2012). The district court did not clearly err in finding that payments made through certain accounts were part of Wagner's fraudulent scheme. *See United States v. Stargell*, 738 F.3d 1018, 1024 (9th Cir. 2013) (stating standard of review). The district court properly considered these payments as relevant conduct. *See*

U.S.S.G. § 1B1.3(a); *United States v. Thomsen*, 830 F.3d 1049, 1070 (9th Cir. 2016) (stating that method of calculating loss is reviewed de novo); *United States v. Hahn*, 960 F.2d 903, 910 (9th Cir. 1992) (holding that similarity and close timing may reasonably suggest that repeated instances of criminal behavior constitute a pattern of criminal conduct). Losses to secondary lenders were reasonably foreseeable and properly counted. *See United States v. Hymas*, 780 F.3d 1285, 1293 (9th Cir. 2015) (holding that district court properly considered losses to successor lenders); *United States v. Morris*, 744 F.3d 1373, 1375 (9th Cir. 2014) (explaining process for calculating loss in mortgage fraud case). The district court did not err in failing to subtract the amount of mortgage payments made prior to foreclosure. *See United States v. Zolp*, 479 F.3d 715, 719 (9th Cir. 2007) (holding that district court need only make "a reasonable estimate of the loss based on available information").

The district court properly increased Wagner's offense level based on the number of victims under U.S.S.G. § 2B1.1(b)(2)(A)(i) (2012) because the government proved losses to both original and successor lenders. *See Hymas*, 780 F.3d at 1293.

The district court did not err applying an enhancement for sophisticated means under U.S.S.G. § 2B1.1(b)(10)(C) because the offenses involved hiding

kickbacks and mortgage payments made on behalf of straw buyers. *See United States v. Thomsen*, 830 F.3d 1049, 1073 (9th Cir. 2016) (affirming sophisticated means enhancement); *United States v. Jennings*, 711 F.3d 1144, 1147 (9th Cir. 2013) (explaining that a sophisticated means enhancement requires a scheme that displays a greater level of planning or concealment than the usual scheme).

Wagner's below-Guidelines sentence was not substantively unreasonable. *See United States v. Martinez-Lopez*, 864 F.3d 1034, 1043-44 (9th Cir.) (discussing deferential review of sentencing decision), *cert. denied*, 138 S. Ct. 523 (2017).

The district court did not err in denying Wagner's motion for a new trial because he did not substantiate his assertion that the prosecution failed to disclose impeachment evidence. *See United States v. Mazzarella*, 784 F.3d 532, 538 (9th Cir. 2015) (setting forth requirements for post-trial motion). Wagner's assertions regarding a failure to disclose his trial counsel's alleged conflict of interest, and counsel's ineffective assistance, are more appropriately the subject of a motion under 28 U.S.C. § 2255. *See United States v. Hanoum*, 33 F.3d 1128, 1130-31 (9th Cir. 1994).

**AFFIRMED.**