**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 15-10526 |
| Plaintiff-Appellee, | |
| v. | D.C. No. 2:11-cr-00210-JAM-2 |
| NADIA KUZMENKO, AKA Naida Reyes, | MEMORANDUM[*] |
| Defendant-Appellant. | |

| | |
|---|---|
| UNITED STATES OF AMERICA, | Nos. 15-10527 16-10122 |
| Plaintiff-Appellee, | |
| v. | D.C. No. 2:11-cr-00210-JAM-5 |
| EDWARD SHEVTSOV, | |
| Defendant-Appellant. | |

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 15-10528 |
| Plaintiff-Appellee, | D.C. No. |

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

1

|  |  |
|---|---|
| v.<br><br>PETER KUZMENKO,<br><br>  Defendant-Appellant. | 2:11-cr-00210-JAM-6 |

|  |  |
|---|---|
| UNITED STATES OF AMERICA,<br><br>  Plaintiff-Appellee,<br><br>v.<br><br>AARON NEW,<br><br>  Defendant-Appellant. | No.   15-10536<br><br>D.C. No.<br>2:11-cr-00210-JAM-3 |

Appeal from the United States District Court
for the Eastern District of California
John A. Mendez, District Judge, Presiding

Argued and Submitted February 5, 2019
San Francisco, California

Before:  THOMAS, Chief Judge, and PAEZ and BERZON, Circuit Judges.

  Nadia Kuzmenko, Peter Kuzmenko, Aaron New, and Edward Shevtsov appeal their jury convictions for mail fraud, wire fraud, money laundering, and witness tampering.  We have jurisdiction pursuant to 28 U.S.C. § 1291.  We affirm the convictions, but remand to the district court for resentencing of Aaron New and reconsideration of an order directing Edward Shevtsov to pay $191,570.05 in

2

attorney's fees. Because the parties are familiar with the facts and the procedural history, we need not recount it here.

We review the district court's decision to preclude a defendant's proffered defense de novo. *United States v. Lindsey*, 850 F.3d 1009, 1014 (9th Cir. 2017). We review the alleged introduction of false evidence and perjured testimony, unobjected to below, for plain error. *United States v. Houston*, 648 F.3d 806, 813 (9th Cir. 2011). We review the allegation that the district court constructively amended the indictment, not raised below, for plain error. *United States v. Hartz*, 458 F.3d 1011, 1019 (9th Cir. 2006). We review the district court's method of loss calculation de novo, and the factual finding on the amount of loss for clear error. *United States v. Blitz*, 151 F.3d 1002, 1009 (9th Cir. 1998).

I

The district court did not err when it precluded Appellants from introducing proffered expert testimony at trial. While "evidence of the lending standards generally applied in the mortgage industry" remains relevant on the question of materiality, neither individual victim lender negligence or an individual victim lender's intentional disregard of relevant information are defenses to wire fraud. *Lindsey*, 850 F.3d at 1015-16. Appellants' notice of expert testimony and the supplement filed after the government moved to exclude the testimony reveals that

Appellants' expert intended to testify about the complicity and motives of the particular victim lenders, not about the general practices of mortgage lenders. Under these circumstances, the district court did not err in excluding the expert testimony.

## II

The government did not violate Appellants' due process rights in its tender of testimony and evidence. To demonstrate a due process violation under *Napue v. Illinois*, 360 U.S. 264 (1959), Appellants must demonstrate that the testimony or evidence presented "was actually false," that "the prosecution knew or should have known that the testimony [or evidence] was actually false," and "that the false testimony [or evidence] was material." *United States v. Houston*, 648 F.3d 806, 814 (9th Cir. 2011) (citation omitted). "In assessing materiality under *Napue*, we determine whether there is 'any reasonable likelihood that the false testimony could have affected the judgment of the jury[.]" *Id*. (quoting *Hayes v. Brown*, 399 F.3d 972, 984 (9th Cir. 2005) (en banc)).

On plain error review, the introduction of the residential loan applications bearing challenged signatures does not offend due process. Federal Rule of Evidence 901(b)(3) affords the jury discretion to make handwriting comparisons, and draw conclusions from those comparisons, "either in the presence or absence

of expert opinion." *United States v. Woodson*, 526 F.2d 550, 551 (9th Cir. 1975). The record reflects that the government repeatedly identified the signature on the forms, but explicitly left the authenticity of the signature for the jury to determine. *United States v. Estrada*, 441 F.2d 873, 877 (9th Cir. 1971) does not compel a different conclusion. *Estrada* concerned whether the prosecution laid the proper foundation for introduction of purported signatures, whereas Appellants here stipulated to the introduction of the loan documents at trial.

Appellants likewise have failed to demonstrate that the testimony of a government witness was actually false. Witness credibility, including whether the witness "lied, or erred in their perceptions or recollections" generally represent questions properly left to the jury. *United States v. Zuno-Arce*, 44 F.3d 1420, 1422 (9th Cir. 1995). Additionally, it remains unlikely that the testimony could have affected the judgment of the jury because the witness was adequately cross-examined by the defense on the allegedly perjurious aspects of her testimony. *Houston*, 648 F.3d at 814.

III

The district court did not constructively amend the indictment when it offered our pattern jury instructions on mail fraud and wire fraud. Actual reliance is not an element of mail fraud or wire fraud. *United States v Blixt*, 548 F.3d 882,

5

889 (9th Cir. 2008). "'We have repeatedly held that language that describes elements beyond what is required under the statute is surplusage and need not be proved at trial.'" *United States v. Renzi*, 769 F.3d 731, 756 (9th Cir. 2014) (quoting *Bargas v. Burns*, 179 F.3d 1207, 1216 n.6 (9th Cir. 1999)). Therefore, the Grand Jury's singular inclusion of "reliance" in the indictment constituted surplusage, and the court did not err in providing model instructions that did not require the jury to find reliance to convict Appellants of mail fraud and wire fraud.

IV

The district court did not employ an erroneous method to calculate loss for purposes of calculating the Sentencing Guidelines. In mortgage fraud cases, loss is calculated by deducting "any amount recovered or recoverable by the creditor from the sale of the collateral" from "the greater of actual or intended loss, where actual loss is the reasonably foreseeable pecuniary harm from the fraud." *United States v. Morris*, 744 F.3d 1373, 1375 (9th Cir. 2014). This approach "ensure[s] that defendants who fraudulently induce financial institutions to assume the risk of lending to an unqualified borrower are responsible for the natural consequences of their fraudulent conduct." *Id*. (quoting *United States v. Mallory*, 709 F.Supp.2d 455, 459 (E.D. Va. 2010)). "The court need only make a reasonable estimate of the loss. . . based on available information[.]" U.S.S.G. § 2B1.1 cmt. n.3(C). The

district court's calculation subtracted the amounts recovered in foreclosure sales from the amounts originally borrowed.  This calculation reflects a reasonable estimate of the natural consequences of Appellants' fraudulent conduct.

## V

Because we affirm the district court on the issues above, we need not reach the issue of prejudicial spillover with regard to Nadia Kuzmenko's witness tampering conviction.

## VI

The government concedes error where the district court assessed Edward Shevtsov $191,570.05 in legal fees without a contemporaneous finding on Shevtsov's ability to pay.  We vacate the order and remand to the district court for consideration of Shevtsov's current ability to pay.

The government also concedes error where the district court used Aaron New's testimony against him to impose a two-level obstruction of justice enhancement based on perjury, without finding that each of the elements of perjury were met. We vacate New's sentence and remand to the district court for resentencing.

**AFFIRMED** in part, **VACATED** in part, and **REMANDED**.

*United States v. Kuzmenko*, No. 15-10526+

BERZON, Circuit Judge, concurring in part, and concurring in judgment:

I concur in the memorandum disposition except with regard to one issue: In my view, appellants should have been able to introduce their proffered expert at trial. Denying them the opportunity to do so was, however, harmless error.

*United States v. Lindsey* holds that the materiality of false statements should be proved or disproved using "evidence of the lending standards generally applied in the mortgage industry" at the time of the alleged wire fraud, not the practices of the specific lenders named as the victims of the alleged scheme. 850 F.3d 1009, 1016 (9th Cir. 2017); *see also id.* at 1017. Although appellants' proffer indicated that their expert would have opined in large part on the practices of First Franklin Financial, the specific lender in the named indictment, the proffer also indicates that their expert would to a degree have opined on "the lending standards generally applied in the mortgage industry." *Id.* at 1016.

I nonetheless agree with the majority that the judgment should be affirmed, but for a different reason—the exclusion of the defendants' expert was harmless. There was overwhelming evidence that the defendants made material misrepresentations when they sought to obtain mortgages from First Franklin. The defendants lied about almost everything on their mortgage applications, including the core information in a mortgage application: the borrower's assets, income, and

intent to occupy the mortgaged property as a primary residence. They also attached forged and doctored documents in support of their applications.

The proffered expert testimony would do nothing to negate the impact of this evidence on the materiality issue. The defendants clearly understood that to get the loans they needed to misrepresent the core mortgage information and submit false documents. And, although the defendant's expert could have testified that mortgage lenders did not care whether the information in loan applications was accurate, nothing in the proffer suggests that he would have testified that mortgage lenders were not influenced by the inclusion of the core mortgage statements, accurate or false, in a loan application and attached documents.

Take, as one example, the testimony elicited by the government that First Franklin would only issue a loan for 100 percent of the value of the property if a borrower represented that she would live in that property. The defendants' expert may have testified that First Franklin and other lenders did not care whether a borrower's representation that she would live in the property was truthful. But nothing in the proffer suggests that he would have testified that First Franklin would issue a loan for 100 percent of the property's value if the borrower did not represent that she would live at the property.

Thus, even if the proffered testimony had been admitted, no jury could reasonably have found that the defendants did not make material

2

misrepresentations as part of their scheme to defraud. *See Neder v. United States*, 527 U.S. 1, 16 (1999).