NOT FOR PUBLICATION

FILED

UNITED STATES COURT OF APPEALS

JUN 5 2019

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 16-10129 |
| Plaintiff-Appellee, | D.C. No. 2:11-cr-00210-JAM-1 |
| v. | |
| VERA KUZMENKO, | MEMORANDUM* |
| Defendant-Appellant. | |

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 16-10419 |
| Plaintiff-Appellee, | D.C. No. 2:11-cr-00210-JAM-9 |
| v. | |
| RACHEL SIDERS, | |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the Eastern District of California
John A. Mendez, District Judge, Presiding

Argued and Submitted February 5, 2019
San Francisco, California

Before: THOMAS, Chief Judge, and PAEZ and BERZON, Circuit Judges.

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

Vera Kuzmenko and Rachel Siders appeal their convictions for mail and wire fraud. Kuzmenko also appeals her conviction for money laundering and witness tampering. Kuzmenko and Siders argue that the district court violated their constitutional right to present a complete defense by excluding certain expert testimony. They also argue that the district court used an improper methodology in determining the amount of loss at sentencing. Finally, Kuzmenko argues that if her wire fraud and mail fraud convictions are reversed, her witness tampering conviction should also be reversed. We have jurisdiction under 28 U.S.C. § 1291 and we affirm.

**1.** Defendants contend that the district court erroneously excluded their expert testimony regarding lending standards under *United States v. Lindsey*.[1] In *Lindsey*—which was filed during the course of this appeal—we addressed the admissibility of certain evidence in criminal mortgage fraud cases. 850 F.3d 1009, 1011 (9th Cir. 2017). The court concluded that while "evidence of general lending standards in the mortgage industry is admissible to disprove materiality," evidence of individual lender behavior, including evidence of lender negligence and

---

[1] We review "for abuse of discretion the district court's decision whether to exclude expert testimony." *United States v. Morales*, 108 F.3d 1031, 1035 (9th Cir. 1997) (citations omitted). We review de novo "a district court's decision to preclude a defendant's proffered defense." *Lindsey*, 850 F.3d at 1014 (citation omitted).

intentional disregard of relevant information, is not admissible as a defense to mortgage fraud. *Id.* at 1019.

Here, after the government filed a motion in limine to exclude irrelevant expert testimony, Kuzmenko filed a response memorandum "solely to note a continuing objection to exclusion of evidence of lender participation or fault in the charged fraudulent scheme."[2] Kuzmenko proffered the expert report of Professor Shaun P. Martin and noted that Professor Martin would provide expert testimony in support of lender criminal liability as a defense if permitted. Nowhere did Kuzmenko propose to offer evidence of the state of the mortgage industry so that the jury could evaluate materiality. Under these circumstances, the district court did not err. *See Lindsey*, 850 F.3d at 1011–12.

Furthermore, even if the proffer could be understood as encompassing evidence of general lending standards to disprove materiality, any error in excluding the expert testimony was harmless. There was overwhelming evidence that the false statements in the loan applications were material to the lenders'

---

[2] Kuzmenko preserved this issue for appeal because she objected to the government's motion to exclude expert testimony and proffered proposed testimony. Siders did not preserve this issue for appeal as she filed a statement of non-opposition to the government's motion. Because we conclude the district court did not err, we need not address plain error review. *See United States v. Tamman*, 782 F.3d 543, 552 (9th Cir. 2015).

decision-making process.[3]  As part of their scheme, Defendants made extensive misrepresentations on loan applications regarding, inter alia, income, employment, residence, assets, and liabilities.  This information was valuable to lenders as they repeatedly asked for it throughout the application process, requested supporting documentation, and hired underwriters to review loan packages and verify information.

Moreover, a First Franklin employee testified to the importance of certain aspects of the loan application including income, employment, assets, liabilities, and primary residence.  And, Defendants, who were both experienced in the real estate industry, believed the false statements were material to the lenders' decision-making process.  In light of the overwhelming evidence of materiality, any error was harmless.  *See Neder v. United States*, 527 U.S. 1, 19 (1999).

**2.**     Defendants argue that district court used an improper methodology in determining the amount of loss under U.S.S.G. § 2B1.1(b)(1).[4]  In *United States v. Hymas*, we concluded that the district court correctly calculated loss by "taking the

---

[3] Materiality is evaluated objectively; the government need not prove actual reliance upon the misrepresentations.  *Lindsey*, 850 F.3d at 1014

[4] We review de novo a "district court's interpretation of the Sentencing Guidelines," *United States v. Rivera*, 527 F.3d 891, 908 (9th Cir. 2008) (citation omitted), and review "the district court's factual findings used in sentencing, including the calculation of loss to the victims, for clear error," *United States v. Blitz*, 151 F.3d 1002, 1009 (9th Cir. 1998) (citation omitted).

principal amount of the loan and subtracting any credits from the subsequent sale of the property." 780 F.3d 1285, 1293 (9th Cir. 2015) (citing *United States v. Morris*, 744 F.3d 1373, 1375 (9th Cir. 2014)). We noted that "the district court did not err by considering the losses submitted by successor lenders who had purchased the loans." *Id.* Accordingly, here, the district court correctly used the principal amount of the loan minus the amount of foreclosure to calculate the asserted loss amounts.

Further, we reject Defendants' challenge to the sufficiency of the evidence. The record adequately supports the loss amounts determined by the district court. *See United States v. Zolp*, 479 F.3d 715, 719 (9th Cir. 2007) (citations omitted) (The district court "need not make its loss calculation with absolute precision; rather, it need only make a reasonable estimate of the loss based on the available information.").

3. Kuzmenko argues that if the district court erred in excluding the expert testimony, her entire conviction, including the witness tampering count, should be reversed "because of the spillover effect from the other counts." As we conclude the district court did not err in excluding the expert testimony, we need not address this argument.

**AFFIRMED.**