**NOT FOR PUBLICATION**

## FILED

UNITED STATES COURT OF APPEALS

JUL 17 2020

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 18-50241 |
| Plaintiff-Appellee, | D.C. No. 8:13-cr-00001-AG-1 |
| v. | |
| MOMOUD AREF ABAJI, AKA Aref Abagi, AKA Aref Obagi, | MEMORANDUM[*] |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the Central District of California
Andrew J. Guilford, District Judge, Presiding

Argued and Submitted June 4, 2020
Pasadena, California

Before: OWENS and BUMATAY, Circuit Judges, and MOLLOY,[**] District Judge.

Momoud Abaji appeals from his convictions and sentence for federal mortgage fraud. Regarding his conviction, Abaji argues: (1) the government committed misconduct in its closing argument by falsely stating that Abaji

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The Honorable Donald W. Molloy, United States District Judge for the District of Montana, sitting by designation.

"confessed"; (2) the jury instructions constructively amended the indictment by allowing the jury to find Abaji guilty of wire fraud based on a mens rea of recklessness; (3) with regard to Abaji's tax evasion charges, the district court failed to instruct the jury on the lesser-included misdemeanor offense of willfully failing to pay a tax; and (4) the panel should reverse based on cumulative error. Regarding his sentence, Abaji argues: (5) the district court erred by applying a three-level enhancement based on Abaji's role as a manager or supervisor in the criminal activity; (6) the district court erred in calculating the amount of loss attributable to Abaji; and (7) using a loss calculation based on judge-found facts for restitution and sentencing violated the Sixth Amendment. We have jurisdiction under 28 U.S.C. § 1291 and 28 U.S.C. § 3742. As the parties are familiar with the facts, we do not recount them here. We affirm in part, vacate in part, and remand for resentencing.[1]

1. Although "[p]rosecutors are free in argument to suggest that the jury draw reasonable inferences from the evidence presented at trial," *United States v. Flores*, 802 F.3d 1028, 1035 (9th Cir. 2015), the government commits prosecutorial misconduct if it makes unsupported factual claims during closing arguments, *United States v. Kojayan*, 8 F.3d 1315, 1321 (9th Cir. 1993). Because

---

[1] We resolve the companion appeals, *United States v. Obagi*, No. 18-50170, and *United States v. Salah*, No. 18-50171, in a concurrently filed opinion.

Abaji did not object to the government's argument at trial, we review for plain error. *Flores*, 802 F.3d at 1034.

Here, the prosecutor did not misstate the evidence when he argued that Abaji confessed. Instead, a witness testified that Abaji called Excel Investments "a big fraud." The prosecutor then accurately described this testimony and invited the jury to infer that Abaji knew about the fraud at the time. While Abaji never directly stated "I knowingly participated in wire fraud," the prosecutor acted reasonably when he characterized Abaji's words as a confession.

2.      "A defendant charged in a federal criminal case by a grand jury's indictment may only be tried on the charges set forth in that indictment. A district court that constructively amends an indictment by its instructions to the jury commits error." *United States v. Dipentino*, 242 F.3d 1090, 1094 (9th Cir. 2001) (internal citation omitted). Abaji's indictment charged him with acting "knowingly and with intent to defraud," but the district court gave an instruction defining statements as fraudulent if made with "reckless indifference as to [their] truth or falsity." Because Abaji did not object to the court's instruction at trial, we review for plain error. *Id.*

We have previously authorized the same instruction used in Abaji's trial because "[o]ne who acts with reckless indifference as to whether a representation is true or false is chargeable as if he had knowledge of its falsity." *United States v.*

18-50241

*Lloyd*, 807 F.3d 1128, 1164 (9th Cir. 2015) (alteration in original) (citation omitted). The district court did not plainly err by following this precedent.

3. Because Abaji did not request a lesser-included-offense instruction at trial, we review for plain error whether the district court should have given such an instruction. *United States v. Anderson*, 201 F.3d 1145, 1148 (9th Cir. 2000). In non-homicide cases, a defendant's failure to request a lesser-included offense instruction "must be considered a matter of trial strategy and not error." *United States v. Boone*, 951 F.2d 1526, 1542 (9th Cir. 1991) (citation omitted). The district court's failure to instruct the jury sua sponte was not plain error. *Henderson v. United States*, 568 U.S. 266, 278 (2013).

4. "Cumulative error applies only when multiple errors exist such that our review of them would be better served by examining the prejudice collectively. . . ." *United States v. Lindsay*, 931 F.3d 852, 869 (9th Cir. 2019). Because the district court did not err in Abaji's trial, Abaji's theory of cumulative error "necessarily fails." *United States v. Jeremiah*, 493 F.3d 1042, 1047 (9th Cir. 2007).

5. The Sentencing Guidelines provide for a three-level enhancement when the government proves that the defendant was a "manager or supervisor" in criminal activity involving five or more participants. U.S.S.G. § 3B1.1(b). Abaji argues that the district court failed to make specific factual findings showing that

Abaji exercised the requisite control or authority over another participant, in violation of Federal Rule of Criminal Procedure 32. However, Rule 32 does not require the district court to provide a detailed explanation of its sentencing decision. Indeed, "[t]he district court need not make any specific findings as to this issue so long as evidence in the record supports an inference that the defendant exercised the requisite degree of control." *United States v. Gadson*, 763 F.3d 1189, 1222 (9th Cir. 2014). The record shows that Abaji exercised control over other participants in the mortgage fraud, and the district court did not abuse its discretion in applying § 3B1.1(b). *See United States v. Gasca-Ruiz*, 852 F.3d 1167, 1170–71 (9th Cir. 2017) (en banc).

6.     When determining loss amounts under U.S.S.G. § 2B1.1, Abaji argues that the government wrongly included payments the lenders made under repurchase and indemnity agreements with Fannie Mae and Freddie Mac. While Abaji did not make this exact argument to the district court, we review the court's interpretation of the Guidelines de novo because Abaji preserved his objection to the loss calculation. *Lloyd*, 807 F.3d at 1174–75 ("[I]t is claims that are deemed waived or forfeited, not arguments." (citation omitted)).

In mortgage fraud cases, we use a two-step method for calculating loss: (1) take "the entire value of the principal of the loan" and (2) subtract "any amount recovered or recoverable by the creditor from the sale of the collateral." *United*

*States v. Morris*, 744 F.3d 1373, 1375 (9th Cir. 2014). Section 2B1.1 also excludes "[i]nterest of any kind, finance charges, late fees, penalties, amounts based on an agreed-upon return or rate of return, or other similar costs" from a defendant's loss amount. U.S.S.G. § 2B1.1 cmt. n.3(D)(i). The district court erred when it deviated from this two-step method and included indemnity payments based on anticipated interest. Because the district court did not make factual findings to support any alternative loss calculation, we remand for the district court to reconsider the loss amount attributable to Abaji. *See United States v. Standard*, 207 F.3d 1136, 1140 (9th Cir. 2000).

7. Under *Apprendi v. New Jersey*, certain facts that increase a criminal punishment must be found by a jury beyond a reasonable doubt. 530 U.S. 466, 490 (2000). However, we have repeatedly held that *Apprendi* does not apply to criminal restitution orders. *United States v. Green*, 722 F.3d 1146, 1149 (9th Cir. 2013) (collecting cases). Furthermore, we have held that "the sentencing judge has the power to sentence a defendant based upon facts not found by a jury up to the statutory maximum, and . . . the defendant has no right to a jury determination of the facts that the judge deems relevant." *United States v. Fitch*, 659 F.3d 788, 796 (9th Cir. 2011) (internal quotation marks and citation omitted). Abaji has failed to identify any intervening Supreme Court decision that is "clearly irreconcilable" with these precedents. *Miller v. Gammie*, 335 F.3d 889, 893 (9th Cir. 2003) (en

6
18-50241

banc).  The district court did not err by basing its restitution order and Guidelines calculation on judge-found facts.

**AFFIRMED IN PART, VACATED IN PART, AND REMANDED FOR RESENTENCING**.