**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

SEP 26 2023

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 22-50074 |
| Plaintiff-Appellee, | D.C. No. 8:13-cr-00001-DOC-1 |
| v. | |
| MOMOUD AREF ABAJI, | MEMORANDUM[*] |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the Central District of California
David O. Carter, District Judge, Presiding

Argued and Submitted August 24, 2023
Pasadena, California

Before: RAWLINSON and BRESS, Circuit Judges, and ZOUHARY,[**] District Judge.

Momoud Abaji challenges the district court's imposition, on remand from this court, of a 20-level sentencing enhancement for losses exceeding $9.5 million, *see* U.S.S.G. § 2B1.1(b)(1)(K), and an order of restitution in the amount of $10,042,638.

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The Honorable Jack Zouhary, United States District Judge for the Northern District of Ohio, sitting by designation.

We have jurisdiction under 28 U.S.C. § 1291. We affirm.

1. The district court properly found the facts underlying Abaji's loss enhancement by a preponderance of the evidence. While the government bears the burden of proof on the facts underlying a sentence enhancement, generally those facts need only be proven under the preponderance standard. *United States v. Lonich*, 23 F.4th 881, 910 (9th Cir. 2022). But when a sentencing enhancement has "an extremely disproportionate impact on the sentence," due process may require the underlying facts to be proven by clear and convincing evidence. *Id.* (quoting *United States v. Valle*, 940 F.3d 473, 479 (9th Cir. 2019)).

To determine whether a sentencing enhancement has an extremely disproportionate impact, we consider a set of non-exhaustive factors, sometimes referred to as the "*Valensia* factors." *See id.* at 910–12 (citing *United States v. Valensia*, 222 F.3d 1173, 1182 (9th Cir. 2000)). The fourth *Valensia* factor proves central here. Under that factor, "if a defendant has already been convicted of certain conduct (whether through a jury verdict or a guilty plea), enhancements that are based on the conduct of conviction do not require proof by clear and convincing evidence." *Id.* at 913. When the enhancement at issue is based on the extent of the conspiracy for which defendant was convicted, the fourth factor is dispositive and the preponderance of evidence standard applies. *Id.* at 914.

The jury in this case found Abaji guilty of conspiracy to commit wire fraud

and bank fraud. The scope of the conspiracy included the purchase of over 100 condominium units and a series of fraudulent activities and kickbacks relating to those properties. Because the enhancement in this case was based on the scope of the conspiracy, and thus conduct for which Abasi was already convicted by a jury, the fourth *Valencia* factor dictates that a preponderance of the evidence standard should apply. *See Lonich*, 23 F.4th at 913–16.

This is not a case in which in which a "substantial amount" of acquitted conduct supported the loss calculation. *Id.* at 915. Abaji was acquitted on only one count of substantive wire fraud relating to one of the over one hundred properties involved in the fraudulent scheme. That loan accounted for only $126,000 of the approximately $12 million in Guideline losses found by the district court. Nor does this case involve a "substantial intermediate causation question" affecting the loss calculation. *Id.* For all these reasons, the district court properly applied a preponderance of the evidence standard in calculating loss for sentencing enhancement purposes.[1]

2. The district court used the proper formula to calculate the loss amount. "[I]n a mortgage fraud case, loss under U.S.S.G. § 2B1.1(b) is calculated in two steps." *United States v. Morris*, 744 F.3d 1373, 1375 (9th Cir. 2014). First, the court

---

[1] Because the preponderance standard applies, there is no need to hold this case for en banc proceedings in *United States v. Lucas*, No. 22-50064.

3

must "calculate the greater of actual or intended loss, where actual loss is the reasonably foreseeable pecuniary harm from the fraud. This amount will almost always be the entire value of the principal of the loan. . . ." *Id.* Second, the court must "deduct from the initial measure of loss any amount recovered or recoverable by the creditor from the sale of the collateral." *Id.* The final loss number should not include "[i]nterest of any kind, finance charges, late fees, penalties, amounts based on an agreed-upon return or rate of return, or other similar costs." U.S.S.G. § 2B1.1 cmt. n.3(D)(i).

On remand, the district court consulted the government's schedules, which took the principal loan amount for the properties and subtracted the amount recovered on resale. Those figures were obtained using bank records or publicly available property records. The final loss amount included only properties that had been sold, while excluding those where resale data was unavailable and also excluding any transaction costs. The district court correctly applied *Morris*. *See United States v. Hymas*, 780 F.3d 1285, 1293 (9th Cir. 2015) ("We conclude that the district court correctly calculated the losses by taking the principal amount of the loan and subtracting any credits from the subsequent sale of the property."). Finally, while Abaji contends that his co-defendant Khatib was sentenced using a lower loss amount, Khatib was sentenced pursuant to a loss calculation based on an earlier assessment of loss that was included in a plea agreement.

3.   Whether we review de novo or for plain error, Abaji has not established error in the district court's restitution order.  "The Mandatory Victims Restitution Act requires that defendants be ordered to pay restitution to any victim 'directly and proximately harmed as a result of the commission of an offense.'"  *Id.* (citing 18 U.S.C. § 3663A(a)(2)).  Here, the district court determined the amount of restitution using the actual loss calculations that Agent Campbell made using victim reports.  Our previous decision remanding for resentencing did not address the validity of the restitution order.  Thus, the district court's calculation does not violate the law of the case.

While Abaji believes it is improper to include interest and indemnity payments when calculating restitution under the MVRA, our case law indicates otherwise.  *See United States v. Yeung*, 672 F.3d 594, 601 (9th Cir. 2012), *abrogated on other grounds by Robers v. United States*, 572 U.S. 639 (2014); *United States v. Catherine*, 55 F.3d 1462, 1465 (9th Cir. 1995).  Abaji's challenge fails.

4.   The judgment form wrongly states under "Finding" that Abaji was convicted on all counts, even as it later indicates he was acquitted on Count 4.  The district court on remand should amend the form to clearly indicate the acquittal on Count 4.

**SENTENCE AFFIRMED; CASE REMANDED FOR CORRECTION OF JUDGMENT FORM.**